IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KERVIN SOKO,

                Plaintiff,

  v.

MIKE POMPEO,

                Defendant.

OPINION and ORDER

18-cv-347-jdp

---

A United States consular officer denied the tourist visa application of Vera Soko-Zopi, a Liberian citizen seeking to visit the United States to obtain medical care. Her father, Kervin Soko, a Liberian citizen residing in Wisconsin, has brought a lawsuit challenging that denial. Defendant has moved to dismiss. For the reasons set forth below, I will grant defendant's motion and dismiss the case.

BACKGROUND

On May 9, 2018, Soko-Zopi met with a consular officer at the United States Embassy in Monrovia, Liberia about her nonimmigrant tourist visa application. Soko says that the officer rejected Soko-Zopi's application and, in the process, insulted them both by suggesting that Soko would not be able to support Soko-Zopi financially when she visited the United States. Soko filed suit the next day, alleging that the denial was the result of "discrimination and racism." Dkt. 1, at 2.

Defendant moved to dismiss, arguing that the court lacks jurisdiction to hear the case and, in the alternative, that Soko fails to state a claim upon which relief may be granted. Dkt. 11. Although Soko filed a response to defendant's motion, Dkt. 15, he did not address

any of defendant's arguments. But he did attach a three-page declaration from Soko-Zopi that provides an exhaustive recounting of her conversation with the consular officer. *See* Dkt. 15-1.

I will dismiss Soko's complaint because it does not "plausibly allege[] with sufficient particularity" that the consular officer who denied his daughter's visa application lacked a "facially legitimate and bona fide reason" to do so. *Kerry v. Din*, 135 S. Ct. 2128, 2141 (2015) (Kennedy, J., concurring). Although I would normally give a pro se litigant like Soko an opportunity to comply with this pleading requirement by amending his complaint, it is clear from Soko-Zopi's declaration that no amount of additional detail will overcome this threshold requirement. So I will dismiss the case for failure to state a claim upon which relief may be granted.

ANALYSIS

By challenging the denial of his daughter's visa application in federal court, Soko asks for an exception to the "general norm of nonreviewability" afforded consular officers' visa decisions. *Hazama v. Tillerson*, 851 F.3d 706, 708 (7th Cir. 2017). "Consular nonreviewability is the general rule that decisions to issue or withhold a visa are not reviewable in court unless Congress says otherwise." *Matushkina v. Nielsen*, 877 F.3d 289, 294 (7th Cir. 2017) (internal quotation marks omitted), *reh'g denied* (Jan. 26, 2018). But although the bar posed by consular nonreviewability is well-established, it may not be absolute. The Court of Appeals for the Seventh Circuit has suggested that there might be "at least two possible exceptions." *Hazama*, 851 F.3d at 708. First, a court "may conduct a limited review to determine whether a visa was denied for a bona fide and facially legitimate reason." *Id.* "Second, review may also be permitted where a denial of an alien's application affects a U.S. citizen's constitutional rights." *Id.*

As I discussed in an earlier order, Dkt. 4, at 2, Soko doesn't qualify for the second exception because he is not a U.S. citizen. But I noted that it might be possible for him to proceed under the first exception if he could make a sufficient showing (1) that the exception in fact exists (the law on that point remains unsettled), and (2) that the consular officer did not have bona fide and facially legitimate reasons for denying the visa.

Soko has not made either showing. I need not analyze whether the first exception to the doctrine of consular nonreviewability exists; even assuming that it did, Soko's claims would be dismissed for failing to plausibly allege with sufficient particularity that the consular officer had no bona fide and facially legitimate reason to deny his daughter's visa application.

Soko suggests that the consular officer's denial was racist and discriminatory, but he provides no supporting factual allegations. In *Kerry v. Din*, the Supreme Court articulated the relevant pleading requirement for plaintiffs seeking to challenge a consular officer's visa denial decision as not bona fide or facially legitimate: "Absent an affirmative showing of bad faith on the part of the consular officer who denied [the individual] a visa—which [the plaintiff must] plausibly allege[] with sufficient particularity—[courts will not] 'look behind' the Government's exclusion of [the individual] for additional factual details beyond what its express reliance" on the relevant provision of the Immigration and Nationality Act encompassed. 135 S. Ct. 2141 (Kennedy, J., concurring) (citation omitted). Here, Soko has made no affirmative showing of bad faith on the part of the consular official. His complaint includes only a bare allegation that "discrimination and racism was the cause" of the visa denial. Dkt. 1, at 2.

The declaration from Soko-Zopi that Soko attaches to his opposition to the motion to dismiss does provide additional detail. But even had Soko attached this declaration to his

original complaint, it would nonetheless fail to state a claim. Soko-Zopi provides an exhaustive account of her interview with the counselor officer on May 9, 2018. *See* Dkt. 15-1, at 2–3. Soko-Zopi, who I infer was pregnant at the time, was seeking a tourist visa to give birth in an American hospital. She says that the officer expressed skepticism that her father and husband would be able to cover the cost of her medical care, and that he denied her application when she was unable to provide proof of medical insurance. Although Soko-Zopi and Soko found the officer's treatment insulting, they have made no affirmative showing of bad faith. In seeking a nontourist visa, Soko-Zopi needed to overcome the statutory presumption of immigrant intent. *See* 8 U.S.C. § 1184(b) ("Every alien . . . shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, as the time of application for admission, that he is entitled to a nonimmigrant status . . . ."). It appears from Soko-Zopi's account of her conversation with the officer that the officer did not believe she had overcome this presumption. Nothing in her declaration indicates that the consular officer acted in bad faith. And given the comprehensiveness of Soko-Zopi's account of her conversation with the officer, it does not appear that a more complete account of the facts could possibly cure this defect.

Soko may believe that the denial of his daughter's visa application was unfair, but that does not provide him with a claim actionable in federal court. *See, e.g.*, *Morfin v. Tillerson*, 851 F.3d 710, 713–14 (2017), *cert. denied*, 138 S. Ct. 380 (2017); *Hazama*, 851 F.3d at 709; *Matushkina*, 877 F.3d at 295–96. Accordingly, I will dismiss his complaint for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that plaintiff Kervin Soko's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered January 24, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge